(No. 74-CC-0666—

METAL-AIR CORPORATION, Claimant, *v.* STATE OF ILLINOIS, Respondent.

*Order denying rehearing filed September 15, 1978.*

This matter is before this Court on Claimant's motion for rehearing of our order dismissing this case.

Oral arguments were made on July 18, 1978, and thereafter both Claimant and Respondent submitted memorandum of law.

The original Complaint was for damages in the sum of $12,514.65, allegedly due it because the State had caused Claimant a delay in performance of its contract of August 17, 1970. As a consequence of the delay, Claimant alleged it had to pay out higher labor costs. The contract itself was for $175,336.00 for certain rehabilitation work on the State Capitol Building.

A consent decree was entered by the Circuit Court of Sangamon County on July 18, 1975, in a suit against various firms and individuals. The Complaint there was for an injunction and other relief under the "Illi- nois Anti-Trust Act." Claimant here signed the con- sent decree which enjoined the firms and individuals (including Claimant) from engaging in any price fix- ing and from engaging in restrictions of open price competition. In other words, the injunction was

against bid-rigging. Further, the decree ordered the defendants to pay the State $85,000.00 in lieu of any penalty prescribed for a violation of the "Illinois Anti-Trust Act."

The consent decree does contain language that the payment of the $85,000.00 shall in "no way be construed as an acknowledgment of guilt or liability..." It further states that the parties have consented to the decree "without trial or adjudication of any issue of fact or law herein and without this final judgment constituting evidence or any admission by any party with respect to any such issue." Claimant argues that the foregoing qualifications contained in the decree forecloses it from being a bar to its suit for the alleged damages.

We agree with the Respondent that, "It is the purpose of this Court to recommend to the legislature those claims this Court feels to be meritorious." The record before us sufficiently establishes that the claim is "tainted" by the obvious conduct of Claimant which prompted it to sign the consent decree. The language of the decree may be urged as a technical out for Claimant, but it cannot and does not absolve Claimant of *all* guilt. There is a residue of guilt that makes it unconscionable to recognize any merit to its present claim.